<u>**NOT FOR PUBLICATION**</u>                                                               **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SIDNEY S. KANTER,<br><br>            Plaintiff,<br><br>v.<br><br>MALCOLM SCHARF and the STATE OF NEW JERSEY,<br><br>            Defendants. | Civil Action No. 13-3157 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of: (1) Defendant Malcolm Scharf's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Entry No. 7], and (2) Defendant Scharf's motion for the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11 [Docket Entry No. 9]. The Court has considered the submissions made in support of and in opposition to the instant motions. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion to dismiss is granted and Defendant's motion for sanctions is denied.

**BACKGROUND**

Plaintiff's Complaint, which was filed on May 17, 2013, alleges that Harry K. Peck, Harry B. Peck and Donna M. Peck are grantees in a Deed from Ben D. White, Executor under the Last Will and Testament of James E. Ballentine. (Compl., ¶ 6). The land and premises

conveyed in said Deed—a 3.57 acre parcel of land with an abandoned dwelling—is located in Washington Township, Morris County, New Jersey (hereinafter referred to as "Property"). (*Id*., ¶¶ 6, 7). On October 3, 2005, Harry K. Peck and Harry B. Peck conveyed all of their partial right, title and interest in the "Property" to Kenneth Kanter by deed recorded on October 7, 2005. (*Id*., ¶ 8). On October 24, 2005, Donna M. Peck conveyed all of her partial right, title and interest in the "Property" to Fernwood Funding LLC by deed recorded on October 24, 2005. (*Id*., ¶ 9).

On November 2, 2005, a complaint in foreclosure in the matter of *Malcolm Scharf v. Harry K. Peck, Harry B. Peck and Donna M. Peck, et als*., Docket No. F-16901-05, was filed by Malcom Scharf in the Superior Court of New Jersey (hereinafter, "Scharf Foreclosure Complaint"). (*Id*., ¶ 11). The Scharf Foreclosure Complaint sought to foreclose tax sale certificate number 519, which had been purchased by Malcolm Scharf on September 25, 1986. (*Id*., ¶ 12). According to the Complaint, the Scharf Foreclosure Complaint sought to "debar any and all rights of redemption of the defendants to that action, and to vest complete ownership of the Property in Malcolm Scharf. (*Id*., ¶ 12).

It is further alleged that neither Kenneth Kanter nor Fernwood Funding LLC were made a party to the Scharf Foreclosure action, nor were they ever served with the Scharf Foreclosure Complaint, notwithstanding the fact that their partial ownerships of the Property was public record prior to the filing of the Scharf Foreclosure Complaint. (*Id*., ¶ 16). A final judgment was entered in connection with the Scharf Foreclosure action on or about July 24, 2006. (*Id*., ¶ 17). Pursuant to that judgment, Malcom Scharf was "vested with an absolute and indefeasible estate of inheritance in fee simple" to the Property. (*Id*., Ex. A at 7).

On July 25, 2006, Kenneth Kanter conveyed all of his right, title and interest in the Property to Kenneth Kanter and Sidney S. Kanter, as tenants in common, by deed recorded on July 28, 2006. (*Id*., ¶ 20).

On August 20, 2007, Plaintiff, Sidney S. Kanter filed a declaratory judgment complaint in the Superior Court of New Jersey, Morris County, Law Division, captioned as *Sidney S. Kanter v. Malcom Scharf, Fernwood Funding LLC and Kenneth Kanter* (hereinafter, the "Kanter Declaratory Judgment Complaint"). (*Id*., ¶ 21). According to Plaintiff, the Kanter Declaratory Judgment Complaint sought, *inter alia*, a determination of the percentage ownership of each owner of the Property and a public auction to sell the Property. (*Id*., ¶ 22). On December 2, 2011, the Honorable Jared D. Honigfeld entered an Order dismissing the Kanter Declaratory Judgment Complaint for lack of jurisdiction. In particular, the Law Division judge dismissed Kanter's Declaratory Judgment Complaint without prejudice to Sidney Kanter's right to make an application to reopen the foreclosure action pursuant to New Jersey Court Rule 4:50-1. In particular, the Law Division judge held that "I think this is a matter where this court, the law division, does lack jurisdiction. I think it is a collateral attack. No matter how it may be characterized. Whatever wording Mr. Kanter may want to use on the judgment of foreclosure, in a tax [foreclosure] matter, granting a fee simple to – Scharf." (Compl., Ex. B, Tr. (Nov. 30, 2011) at 19:2-15).[1]

---

[1] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' " *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In this regard, this Court considers the Law Division's actual decision, which is integral to, explicitly relied upon, and, in fact, attached to Plaintiff's Complaint as Exhibit B. *See* Compl., ¶¶ 31, 32.

3

Plaintiff, Sidney S. Kanter, filed an appeal of Judge Honigfeld's December 2, 2011 Order with the Appellate Division of the Superior Court of New Jersey, Docket No. A-2877-11T3. (*Id.*, ¶ 33). On November 7, 2012, the Appellate Division entered a decision affirming the trial court's dismissal of the Kanter Declaratory Judgment Complaint. (*Id.*, ¶ 34); *see Kanter v. Scharf*, 2012 WL 5413942 (App. Div. Nov. 7, 2012).[2] In particular, the Appellate Division held:

> Sidney argues that the Law Division has jurisdiction to render a declaratory judgment establishing his interest in the Property. We disagree. Our Declaratory Judgment Act is designed to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." N.J.S.A. 2A:16–51. However, in addressing such uncertainty, the courts are to act "within their respective jurisdictions. . . ." N.J.S.A. 2A:16–52.
>
> \*\*\*
>
> After the entry of the judgment of foreclosure in the Chancery Division, vesting Scharf with absolute and indefeasible estate of inheritance in fee simple, Sidney sought to obtain a judgment in the Law Division subverting and superseding that judgment. Sidney concedes that he was aware of the foreclosure proceeding in the Chancery Division and knew he had a right to intervene. He chose not to.
>
> A foreclosure action involving lands situated in this State is brought in the Chancery Division. *See* R. 4:3–1(a)(1); *Countrywood Estates, Inc. v. Donnelly*, 42 N.J.Super. 456, 459 (App.Div.1956). Once the Chancery Division asserts jurisdiction over a complaint seeking equitable relief, it has the power to dispose of all ancillary legal claims. *Brennan v. Orban*, 145 N.J. 282, 293 (1996) citing *Mantell v. Int'l Plastic Harmonica Corp.*, 141 N.J. Eq. 379, 393 (E. & A.1947).
>
> Sidney denies that his action was an attack on the final judgment of foreclosure, claiming that judgment only divested the "named defendants." This argument ignores the plain language of the

---

[2] This Court considers the Appellate Division's decision in the matter of *Kanter v. Scharf*, 2012 WL 5413942 (App. Div. Nov. 7, 2012), inasmuch as it is integral to, explicitly relied upon, and, in fact, attached to, Plaintiff's Complaint. *See* Compl., ¶ 34 (discussing the Appellate Division's decision in the Kanter Declaratory Judgment action, and noting that "a copy of the panel's opinion is incorporated herein as part of Exhibit B."). *See In re Burlington,* 114 F.3d at 1426.

> judgment which covers any interest that may have passed to Sidney through the various quitclaim deeds:
>
> > IT IS ... ORDERED AND ADJUDGED that the defendants, Harry K. Peck, Harry B. Peck, Donna M. Peck ... or any of their, successors in right title and interest ... stand absolutely debarred and foreclosed of and from any and all right, and equity of redemption, in and to the [Property].
>
> In addition, N.J.S.A. 54:5–87 provides that a judgment in an action to foreclose the right of redemption, "shall be final upon the defendants, their heirs, devisees and personal representatives, and their or any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest...."
>
> The remaining arguments advanced by plaintiff lack sufficient merit to warrant extensive discussion. R. 2:11–3(e)(1)(E)

*Kanter v. Scharf*, 2012 WL 5413942, at *3-4 (App. Div. Nov. 7, 2012).

On November 20, 2012, Plaintiff Sidney S. Kanter filed a Petition for Certification with the New Jersey Supreme Court, Docket No. 071910. (Compl., ¶ 35). The New Jersey Supreme Court declined to grant Certification. (*Id*., ¶ 37).

On April 19, 2013, an Order was entered by the New Jersey Superior Court, Law Division, voiding the four deeds that establish Sidney S. Kanter's chain of title and ownership interest in the Property. (*Id*., ¶ 38). The April 19, 2013 Order was recorded by the Morris County Clerk on May 5, 2013. (*Id*., ¶ 39).

In light of the foregoing, Plaintiff filed a Complaint with this Court in May 2013. This Court's jurisdiction is premised on federal question, 28 U.S.C. § 1331. In particular, Plaintiff asks the Court to adjudicate the following claims: (1) whether N.J.S.A. 54:5-87 violates the 14th Amendment to the United States Constitution by depriving an owner of his land, (2) whether the Order entered by the Law Division on April 19, 2013 that voided four deeds recorded in the

Office of the Morris County Clerk that established chain of title and ownership of land violates the 14th Amendment to the United States Constitution by depriving an owner of his land, (3) whether the Appellate Division's holding in the matter of *Kanter v. Scharf*, 2012 WL 5413942, at *3-4 (App. Div. Nov. 7, 2012) is unconstitutional.

## **LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips,* 515 F.3d at 234.  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With this framework in mind, the Court turns now to Defendant's motion.

## ANALYSIS

Defendant Malcom Scharf seeks dismissal of Plaintiff's Complaint on the basis that the claims asserted therein are barred by, *inter alia*, the *Rooker-Feldman* doctrine, principles of res judicata, collateral estoppel and/or New Jersey's Entire Controversy Doctrine. Based on the reasons that follow, the Court agrees that it lacks subject matter jurisdiction over Plaintiff's Complaint by virtue of the *Rooker-Feldman* doctrine.

### A.   Rooker-Feldman Doctrine

The *Rooker–Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Accordingly, it bars jurisdiction if the federal claim was "actually litigated" in state court prior to the filing of the federal action, or if the federal claim is "inextricably intertwined" with state adjudication. *See ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 211 (3d Cir. 2004). However, "[t]he doctrine is narrow." *Dukes v. Lancer Ins. Co.*, 390 Fed. App'x. 159, 161 (3d Cir.2 010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)). Thus, the doctrine is "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

The Third Circuit has enunciated four requirements for the doctrine to apply: (1) the federal plaintiff lost in state court; (2) "the plaintiff complains of injuries caused by the state-court judgments"; (3) said judgments were rendered before the federal suit was filed; and (4) "plaintiff is inviting the district court to review and reject the state judgments." *Great Western*

*Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil*, 544 U.S. at 284).

Having carefully considered the allegations set forth in Plaintiff's own complaint, the exhibits attached thereto, and the parties' briefing, the Court concludes that Plaintiff commenced a state court action concerning the same subject matter of this lawsuit prior to the commencement of the instant cause of action. In particular, the declaratory judgment complaint filed by Plaintiff Sidney Kanter in the Superior Court of New Jersey, Law Division, Morris County, on August 20, 2007—the Kanter Declaratory Judgment Complaint—indisputably sought, *inter alia*, a determination of the percentage of his alleged ownership interest in the Property. (Compl., ¶ 22). Plaintiff's declaratory judgment complaint was dismissed by Judge Honigfeld on December 2, 2011, for lack of jurisdiction on the basis that it was an improper collateral attack on the Scharf Foreclosure action, wherein a judgment had been entered by the Chancery Division, on July 24, 2006, vesting Malcom Scharf "with an absolute and indefeasible estate of inheritance in fee simple" to the Property. (Compl., ¶ 17, Ex. A at 7). Plaintiff appealed Judge Honigfeld's December 2011 decision to the Appellate Division, and on November 7, 2012, the Appellate Division entered a decision affirming the trial court's dismissal of the Kanter Declaratory Judgment Complaint. (Compl., ¶ 34); *see Kanter v. Scharf*, 2012 WL 5413942 (App. Div. Nov. 7, 2012). In its November 2012 decision—which was indisputably entered before Plaintiff filed his complaint in this matter in May 2013—the Appellate Division explained that once "the Chancery Division asserts jurisdiction over a complaint seeking equitable relief, it has the power to dispose of all ancillary legal claims." *Kanter v. Scharf*, 2012 WL 5413942, at *3-4 (App. Div. Nov. 7, 2012). It also noted Plaintiff Sidney Kanter's concession that he was

aware of the Scharf Foreclosure action proceeding in the Chancery Division, and that he knew he had a right to intervene in that action but nevertheless chose not to. *Id.*

Thus, the Court concludes that Plaintiff is a state-court loser, complaining of an injury caused by the state court judgments—namely, deprivation of his alleged ownership interest in the Property. Said state court judgments were all rendered between July 2006 and November 2012, which is certainly before the date on which Plaintiff filed his Complaint in this matter (May 2013). Finally, the Court concludes that Plaintiff is asking this Court to review and reject the state court judgments. In particular, the Court finds that the ultimate relief sought by Plaintiff in this matter—"an adjudication of the percentage ownership of each owner of the 'Property'"—is the same relief he sought and lost, so to speak, in connection with his state court actions. *Compare* Compl., ¶ 22 *with* Compl. at 13 paragraph F. Although Plaintiff couches his claims in this matter in a variety of ways sounding in constitutional law, the basic injury he complains of is the deprivation of his ownership interest in the Property. To the extent Plaintiff has been injured in this regard, such injury stems not from any actions by the Defendants in this matter; rather, it stems from the decisions made by the New Jersey Chancery Division, Superior Court and Appellate Division. Plaintiff's Complaint confirms this. *See, e.g.*, Compl. at 14 (seeking "[a]n adjudication [of] whether the appellate panel holding in Sidney S. Kanter v. Malcolm Scharf, Fernwood Funding LLC and Kenneth Kanter, Docket No. L-2353-07" is unconstitutional, violates the 14th Amendment to the United States Constitutes, violates N.J.S.A. 54:5-89.1 and deprives the owner of his land without due process.").

In light of the foregoing, the Court concludes that Plaintiff's Complaint—which seeks an adjudication of his alleged ownership interest in the Property[3]—is essentially an appeal of the

---

[3] *See* Compl. at p. 13 paragraphs E, F.

various state court judgments discussed herein—holding that Plaintiff has *no* ownership interest in said Property.[4]  A determination that Plaintiff has an ownership interest in the Property would require a finding that the Chancery Division erroneously entered the judgment of foreclosure and/or that the Law Division or Appellate Division erroneously dismissed the Kanter Declaratory Judgment Complaint.  This is precisely what the Court is prohibited from doing under the *Rooker-Feldman* doctrine.  *See Great Western,* 615 F.3d at 166 (prohibiting actions where "the plaintiff is inviting the district court to review and reject the state judgments").

As a result, the *Rooker-Feldman* doctrine prevents this Court from exercising subject matter jurisdiction over Plaintiff's Complaint.  *See ITT Corp.,* 366 F.3d at 211 ("If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.") (citations omitted).  Plaintiff's Complaint is, therefore, dismissed for lack of subject matter jurisdiction.  Plaintiff's remedy, if any, lies in the state courts—not federal court.  *See, e.g., Singleton v. Collins*, 513 Fed. Appx. 251, 253 (3d Cir. 2013).

Even assuming, *arguendo*, that the *Rooker-Feldman* doctrine did not apply to this case, the Court would nevertheless conclude that Plaintiff's Complaint is barred under New Jersey's Entire Controversy Doctrine and/or the doctrine of res judicata

**B.     Res Judicata**

---

[4] *See* Compl., ¶ 17; Ex. A at 7.

Pursuant to the doctrine of res judicata, "a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." *Velasquez v. Franz*, 123 N.J. 498 (1991). Accordingly, to the extent Plaintiff's complaint in this matter sought to reassert any of the claims he asserted in the Kanter Declaratory Judgment action—claims which have now been adjudicated on the merits and dismissed—such claims are barred under the doctrine of res judicata and may not be asserted in this matter. *See, e.g., Dukes v. Lancer Ins. Co.*, 390 Fed. Appx. 159, 162 (3d Cir.2010) ("[T]o the extent Dukes's complaint in the instant case sought to reassert any of the claims from his state court proceeding—claims that were adjudicated on the merits—those claims are barred here.").

C.  **Entire Controversy Doctrine**

New Jersey's Entire Controversy Doctrine requires "a party to bring in one action 'all affirmative claims that it might have against another party, including counterclaims and cross-claims,' and to join in that action 'all parties with a material interest in the controversy,' or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997) (the doctrine "embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court ....") (emphasis added). The Doctrine is codified in New Jersey Court Rule 4:30A, which provides that failure to raise a claim "shall result in the preclusion of omitted claims" in future proceedings. Indeed, the Entire Controversy Doctrine requires litigants to raise all affirmative claims in a single proceeding. *See Cogdell v. Hosp. Center at Orange*, 116 N.J. 7, 24 (1989). Consequently, if a plaintiff fails to litigate all her claims in an earlier proceeding, she is

11

precluded from litigating them in a subsequent proceeding. *See Bernardsville Quarry v. Bernardsville*, 929 F.2d 927, 930 (3d Cir. 1991).

Having carefully considered the factual allegations set forth in Plaintiff's Complaint, it is clear to the Court that the claims asserted in Plaintiff's Complaint were either asserted in the context of the Kanter Declaratory Judgment action before the Law Division and Appellate Division, or could have been asserted, and were not. Both actions—the Kanter Declaratory Judgment action and the instant cause of action—are based on the same legal controversy, namely, Plaintiff's alleged ownership interest in the Property. The addition of a new defendant, the State of New Jersey, in Plaintiff's federal case does not change his cause of action. *See, e.g., Gregory v. Chehi*, 843 F.2d 111, 119 (3d Cir.1988) ("Nor does the presence of additional defendants in the federal case change the cause of action. The essence of the cause of action asserted against the defendants in the state proceeding is not altered by the addition of more parties. At bottom rests a single incident-the discharge of the patrolman from the police force."). At bottom rests a single incident—the Chancery Division's determination that Plaintiff has no ownership interest in the Property. *See* Compl., ¶ 17. Plaintiff has failed to establish that the federal claims he now seeks to assert were "unknown, unarisen or unaccured" at the time of his state court proceeding,[5] or that the New Jersey state courts (namely, the Law Division and/or Appellate Division) failed to afford him a full and fair opportunity to raise such claims in that

---

[5] *See Mystic Isle Development Corp. v. Perskie & Nehmad*, 142 N.J. 310, 323 (1995) (noting that the entire controversy doctrine "does not apply to bar component claims that are unknown, unarisen, or unaccrued at the time of the original action.").

forum.[6]  Moreover, Plaintiff does not dispute that his state court action was concluded (November 2012) before he commenced his federal action (May 2013).[7]

As the Third Circuit explained in *Bernardsville Quarry*, Plaintiff had "but one choice" when he filed the Kanter Declaratory Judgment Complaint—namely, to litigate every claim he had concerning his alleged ownership interest in the Property, to the best of his ability.  In fact, in dismissing the Kanter Declaratory Judgment Complaint for lack of jurisdiction, the Law Division judge specifically indicated that such dismissal was without prejudice to Plaintiff's ability to seek to reopen the Scharf Foreclosure Action in Chancery Court.  *See* Compl., Ex. B, Tr. (Nov. 30, 2011) at 19:2-15.  Plaintiff apparently chose not to do so.  Plaintiff "cannot avoid the consequences of its failure to prevail in state court by taking a second bite of the apple now." *Bernardsville Quarry,* 929 F.2d at 930.  Thus, the Court finds that even if the doctrine of *Rooker-Feldman* did not apply, Plaintiff's constitutional claims would nevertheless be barred under New Jersey's Entire Controversy Doctrine.  *See, e.g., id.* at 929 ("To the extent then that BQI did not adjudicate every aspect of its federal claims, it is now barred from raising them again.").

**D.     Defendant's Motion for Sanctions**

In addition to seeking dismissal of all claims set forth in Plaintiff's Complaint, Defendant seeks sanctions pursuant to Federal Rule of Civil Procedure 11 on the basis that Plaintiff's

---

[6] *See Hernandez v. Region Nine Housing Corp.,* 146 N.J. 645, 661 (1996) (explaining that "application of the [entire-controversy] doctrine requires equality of forum, that is, the first forum must have been able to provide all parties with the same full and fair opportunity to litigate the issues and with the same remedial opportunities as the second forum.") (quotations omitted).

[7] *See Rycoline Prods.*, 109 F.3d at 889 (noting that New Jersey's Entire Controversy Doctrine does not "preclude the initiation of a second litigation before the first action has been concluded.").

Complaint is nothing more than an appeal from adverse state court rulings, and thus frivolous. Rule 11 states, in pertinent part, that:

> By presenting to the court a pleading . . . an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11.  In the Third Circuit, the legal standard to be applied when evaluating conduct alleged to violate Rule 11 is "reasonableness under the circumstances." *Brubaker Kitchens, Inc. v. Brown*, 280 Fed. Appx. 174, 184 (3d Cir. 2008) (internal citations omitted).  Reasonableness is "an objective knowledge or belief at the time of filing a challenged paper that the claim was well grounded in law and fact." *Ford Motor Co. v. Summit Products, Inc.,* 930 F.2d 277, 289 (3d Cir. 1991).  The decision to grant a motion for sanctions is within the discretion of the trial judge. *See Thomas & Betts Corp. v. Richards Mfg. Co.,* 342 Fed. Appx. 754, 762 (3d Cir. 2009).

      Plaintiff has opposed Defendant's request for sanctions on the basis that the instant complaint is not an appeal of any adverse state court decisions inasmuch as it seeks, *inter alia,* an adjudication that N.J.S.A. 54:5-87 violates the Fourteenth Amendment of the United States Constitution and that the State of New Jersey was not a party to the prior state court actions.

      Although the Court disagrees with Plaintiff's position, for the reasons stated above, the Court notes that Rule 11 sanctions are a drastic remedy.  Given the unusual factual and procedural circumstances of this case, as well as Plaintiff's *pro se* status, the Court finds that Plaintiff's Complaint was not so unreasonable as to warrant sanctions.  Having now been advised

of the implications of the *Rooker-Feldman* doctrine, and New Jersey's Entire Controversy Doctrine, the Court does, however, caution Plaintiff against future filings in federal court with respect to the issues underlying the Scharf Foreclosure action and/or the Kanter Declaratory Judgment action. Should Plaintiff file another such lawsuit, he will undoubtedly expose himself to substantial sanctions.

Accordingly, the Court declines to exercise its discretion to issue sanctions against the Plaintiff at this time. Defendant's motion for sanctions is thus denied without prejudice.

## CONCLUSION

Based on the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's Complaint by virtue of the *Rooker-Feldman* doctrine. Defendant's motion to dismiss is granted and Defendant's motion for sanctions is denied. Plaintiff's Complaint is dismissed *with prejudice*, and this case is hereby **closed**.

An appropriate Order accompanies this Opinion.

s/ Jose L. Linares
Jose L. Linares
Date:   August 23, 2013                                       United States District Judge